IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GORDON COLE, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:17-CV-478-WKW [WO] |
| ANDY GUNTER - DETECTIVE, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Gordon Cole, Sr., filed this 42 U.S.C. § 1983 while incarcerated at the Coffee County Jail in New Brockton, Alabama. On August 16, 2017, the court entered an order granting Plaintiff leave to proceed *in forma pauperis.* Doc. 3. The order also instructed Plaintiff to immediately inform the court and defendants of any new address and informed him that failure to comply with this requirement would result in a recommendation this case be dismissed. *Id*. The record demonstrates Plaintiff's copy of the August 16 order was returned to the court marked as undeliverable.

In light of the foregoing, and as Plaintiff had not provided the court with a correct address since filing this complaint, the court entered an order requiring that by September 12, 2017, Plaintiff file with the court a current address and/or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 4. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the August 29, 2017, show cause order was returned to the court marked as undeliverable.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that **on or before October 4, 2017**, Plaintiff may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 20th day of September 2017.

    /s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE